**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OTONIEL ELISEO RUIZ CABRERA, | No. 08-74034 |
| Petitioner, | Agency No. A095-682-945 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE and FISHER, Circuit Judges.

Otoniel Eliseo Ruiz Cabrera, a native and citizen of Guatemala, petitions pro

se for review of a Board of Immigration Appeals order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

MVD/Inventory

of removal and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. *See also Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007) (per curiam) (exercising jurisdiction over consideration of one-year bar where facts were undisputed). We review factual findings for substantial evidence, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and deny the petition for review.

Substantial evidence supports the Board's determination that no exceptions applied to excuse Ruiz Cabrera's untimely asylum application, filed almost eight years late. *See* 8 U.S.C. § 1158(a)(2)(B) (requiring petitioner to apply for asylum within one year of arrival in United States unless prevented by extraordinary circumstances or changed circumstances materially affecting eligibility for relief); *Toj-Culpatan v. Holder*, 2009 WL 4256449 at *2 (9th Cir. Dec. 1, 2009) (holding no extraordinary circumstances excused application filed seven months late).

Substantial evidence also supports the Board's denial of relief on the merits of Ruiz Cabrera's claim for asylum and withholding of removal, because Ruiz Cabrera failed to show his alleged persecutors threatened him on account of a protected ground. His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *See Ramos Barrios v.*

*Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus* at 745-46; *see*

*Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not

available to victims of civil strife, unless they are singled out on account of a

protected ground.")

Substantial evidence also supports the Board's denial of CAT relief based on

the Board's finding that Ruiz Cabrera failed to submit meaningful argument

establishing a likelihood of torture by, at the instigation of, or with the consent or

acquiescence of the Guatemalan government. *See Arteaga v. Mukasey*, 511 F.3d

940, 948-49 (9th Cir. 2007) (setting forth requirements for CAT relief).

**PETITION FOR REVIEW DENIED.**